```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ALTA KOERBER,

      Plaintiff,

v.                                                  Civil Action No. 5:12CV97
                                                             (STAMP)
WHEELING ISLAND GAMING, INC.
d/b/a WHEELING ISLAND HOTEL,
CASINO & RACETRACK and
THEODORE DRAGISICH, JR.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT THEODORE DRAGISICH, JR.'S
## MOTION TO DISMISS

### I.  Procedural History

The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia, and amended her complaint as of right before the defendants filed a response.  The amended complaint alleges that defendants breached an agreement regarding the stealth level player's card program offered by the Wheeling Island Casino ("The Card"), for which the plaintiff qualified in approximately January 2011.  Nine counts are alleged: Count I asserts a breach of contract claim; Count II claims fraud; Count III raises a claim for promissory estoppel/detrimental reliance;  Count IV maintains a breach of the covenant of good faith and fair dealing; Count V claims a violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"); Counts VI and VII both assert negligence; Count VIII is a claim for unjust enrichment; and Count

IX asserts that defendant Wheeling Island is liable for the actions of defendant Theodore Dragisich, Jr. ("Dragisich") through vicarious liability and respondeat superior.

The defendants removed this action to this Court claiming federal jurisdiction based upon 28 U.S.C. § 1332(a)(1) diversity jurisdiction due to the fraudulent joinder of defendant Dragisich, and due to the minimum diversity requirement of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.[1] Following removal, in line with the defendants' allegations of fraudulent joinder, defendant Dragisich filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the plaintiff has failed to state a claim against him. The plaintiff's deadline to respond to this motion was extended by agreement of the parties, but as of the date of this memorandum opinion and order, the plaintiff has filed no response nor has she requested further extensions. For the reasons that follow, this Court finds that defendant Dragisich was fraudulently joined into this matter and thus grants the defendant's motion to dismiss defendant Dragisich.[2]

---

[1]At the time that this action was removed to this Court, the plaintiff maintained that this was a putative class action. However, following removal, the parties filed a stipulation, which was approved by this Court, dismissing all class action allegations and claims. This matter is now a single plaintiff civil action.

[2]As the standard for finding fraudulent joinder is higher than that for dismissal under a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, because fraudulent joinder is found, defendant

## II. Facts[3]

Defendant Wheeling Island operates Wheeling Island Hotel, Casino and Racetrack in Wheeling, West Virginia ("the Casino"), where it employs defendant Dragisich. Wheeling Island offers a promotional program for frequent customers known as the Player's Club, which has three different levels of membership: (1) Gold; (2) Diamond; and (3) Stealth. The plaintiff obtained stealth level membership ("The Card") in approximately January 2011. The plaintiff claims that The Card purported to entitle the plaintiff to twenty-five percent (25%) semi-annual cash back on monies spent gambling at the Casino. The plaintiff further claims that defendant Dragisich sent her a letter confirming her attainment of The Card status and of the cash back benefit. The plaintiff maintains that she "gambled and spent in excess of Forty Thousand Dollars ($40,000) at the Casino over a six (6) month period, thus entitling her to a semi-annual cash back bonus of at least Ten Thousand Dollars ($10,000)" but that she was instead only paid $143.00, "which the defendant asserted represented the Plaintiff's twenty-five percent (25%) semi-annual cash back bonus." ECF No. 1

---

Dragisich's motion to dismiss, by extension, must be granted. See explanation of standard for fraudulent joinder below; and Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (explanation of standard for granting of Fed. R. Civ. P. 12(b)(6) motion to dismiss).

[3]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiff in her amended complaint.

Ex. 1 *3.  The plaintiff allegedly requested an accounting and a cure from Wheeling Island and defendant Dragisich, but did not receive a response.

### III.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed due to "significant federalism concerns," implicated by abrogating a state court of the ability to decide a case over which it has jurisdiction.  Id.  Thus, if federal jurisdiction is doubtful, the federal court must remand.  Id.

However, when a defendant removes a case that, on its face, does not present complete diversity, courts are permitted to utilize the doctrine of fraudulent joinder to examine the record in more depth to determine whether the non-diverse parties are real parties in interest to the action.  Mayes v. Rapoport, 198 F.3d

4

457, 461 (4th Cir. 1999). Under the doctrine of fraudulent joinder, a defendant may remove a case on the basis of diversity jurisdiction even if a non-diverse defendant is a party to the case, so long as the removing party can prove that the non-diverse defendant was fraudulently joined to the action. Id. Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.

## IV. Discussion

Despite the fact that the plaintiff has not challenged this Court's jurisdiction over this matter and has also failed to respond to defendant Dragisich's motion to dismiss, because this Court's continuing jurisdiction to decide defendant Dragisich's motion to dismiss depends upon a finding of fraudulent joinder and the disregarding of defendant Dragisich's citizenship,[4] this Court must nonetheless sua sponte determine whether fraudulent joinder exists in order to exercise jurisdiction over this case. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 778-79 (2000) (abrogated on different grounds) ("Questions of jurisdiction, of course, should be given priority -- since if there

---

[4] Because the class action allegations have been dismissed, diversity jurisdiction over this case can no longer depend upon CAFA minimum diversity.

is no jurisdiction, there is no authority to sit in judgment of anything else.")

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). A claim of fraudulent joinder places a heavy burden on the defendants. <u>Marshall</u>, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." <u>Id.</u> at 232-33 (internal citations omitted). Further, the burden is on the defendants to establish fraudulent joinder by clear and convincing evidence. <u>Rinehart v. Consolidated Coal Co.</u>, 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

However, when fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the legitimacy of the claim against the challenged party, including taking into consideration any

affidavits submitted by the parties.  Id. and Boss v. Nissan N. Am., 228 F. App'x 331, 336 (4th Cir. 2007) (unpublished).

Here, in the notice of removal, the defendants do not allege outright fraud in the plaintiff's pleadings.  Instead, the defendants argue that the plaintiff simply does not assert a claim against the non-diverse party -- defendant Dragisich.  This Court agrees.  The plaintiff has included defendant Dragisich in eight of the nine counts raised in the amended complaint.  This Court will address each in turn.

    A.   <u>Count I: Breach of Contract</u>

In support of this count generally, the plaintiff alleges that "The Players Club system instituted by Defendants, Wheeling Island and/or Theodore Dragisich, Jr., created a contract between the Plaintiff . . . and the Defendants."  ECF No. 1 Ex. 1 *3-4.  The plaintiff further alleges that that contract was breached by the defendants when they allegedly failed to pay the plaintiff her 25% cash back bonus, as explained above.  However, it is clear that, if The Players Club system created a contract between the plaintiff and defendant Wheeling Island, that contract did not bind defendant Dragisich in any way.  The letter which the plaintiff attached to her amended complaint, which allegedly created the contract and set forth its terms, clearly does not reflect that defendant Dragisich is a party thereto.  In this letter, defendant Dragisich identifies himself as the "Casino VIP Host" to members of The Card.  He also

clearly differentiates his role in The Card and the role of the Casino generally.  ECF No. 1 Ex. 1 *16.

He indicates in the letter that the listed benefits are for "our" The Card members, and does not agree to provide the benefits himself.  Id.  In fact, he is included as one of the benefits, rather than as the giver of the benefits.  Id.  Defendant Dragisich clearly conveys the benefits of the program on behalf of Wheeling Island, not on behalf of himself, and the language of the letter cannot be read to bind him personally.  It is well established that, as a general matter, non-parties to contracts cannot be held to possess rights or responsibilities thereunder.  See EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").  Accordingly, defendant Dragisich cannot breach a contract by which he is not bound, and the plaintiff has failed to assert a claim against him in Count I.

    B.    Count II: Fraud

In order to establish a claim of fraud under West Virginia law, a plaintiff must allege: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that the plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." Jennings v. Farmers Mut. Ins. Co., syl. pt. 2, 687 S.E.2d 574, 575 (W. Va.

2009) (internal quotations omitted).  As to this count's application to defendant Dragisich, the plaintiff alleges that he indicated in his aforementioned letter that the plaintiff would receive 25% cash back, with knowledge of or reckless disregard for the falsity of that statement.

However, as defendant Dragisich points out, in this claim, the plaintiff claims that she spent in excess of $40,000.00 over the six-month period following her attainment of The Card status in January 2011, then only received a $143.10 rebate check.  The letter which represents defendant Dragisich's only statements to the plaintiff with regard to The Card and any rebates to which the plaintiff may have been entitled as a result therefrom, also contained the $143.10 rebate check about which the plaintiff complains.  Accordingly, because no allegedly fraudulent act by defendant Dragisich took place prior to the plaintiff's claimed detrimental reliance of gambling more than $40,000.00 in the six months prior to receiving this $143.10 rebate check, she could not have "been damaged because [she] relied upon" the statements of defendant Dragisich.  Count II thus also fails to state a claim against defendant Dragisich.

    C.    <u>Count III: Promissory Estoppel/Detrimental Reliance</u>

Promissory estoppel/detrimental reliance is a contract-related claim wherein equitable principles demand that a promise be enforceable despite the fact that the traditional elements of an

9

enforceable contract may not be present.  See Restatement (Second) of Contracts § 139 (1981).  Under West Virginia law, the claim of promissory estoppel/detrimental reliance requires proof of the following: (1) a promise; (2) reasonable reliance on the promise by the plaintiff; (3) that it was foreseeable to the defendant that the plaintiff would rely on the promise; (4) that the plaintiff suffered damages as a result of her reasonable reliance upon the promise of the defendant; and (5) under a circumstance that injustice can only be avoided through enforcement of the promise. Everett v. Brown, 321 S.E.2d 685 (W. Va. 1984).

The plaintiff cannot establish these elements against defendant Dragisich.  The plaintiff claims that the defendants promised that defendant Wheeling Island would pay the plaintiff a 25% rebate for all monies gambled during her time as a The Card member.  However, there is no allegation that defendant Dragisich personally promised the plaintiff anything.  Accordingly, as defendant Dragisich made no promise to the plaintiff on his own behalf, the first element of a promissory estoppel claim cannot be established against him, and Count III fails to state a claim against him.

    D.   <u>Count IV: Breach of Covenant of Good Faith and Fair Dealing</u>

Count IV is also a contract-based claim under which a defendant can be held liable for a breach of the duty of good faith

and fair dealing which has been implied into all contracts by West Virginia law. See Burbach Broad. Co. of DE v. Elkins Radio Corp., 278 F.3d 401, 409 (4th Cir. 2002) ("'[I]n every contract there exists an implied covenant of good faith and fair dealing.'") (quoting Harless v. First Nat'l Bank of Fairmont, 162 W. Va. 116, 121 (1978)). However, as this Court has previously recognized, the cause of action for breach of the implied duty of good faith and fair dealing is not a stand-alone claim, and there can be no liability thereunder without the existence of privity of contract between the parties. See Laposta v. Lyle, No. 5:11cv177 2012 U.S. Dist. LEXIS 67898, *26 (N. D. W. Va. May 16, 2012). As was explained above, the plaintiff has failed to allege the existence of any contract between herself and defendant Dragisich personally and accordingly cannot maintain the claim of breach of the covenant of good faith and fair dealing against him.

  E. <u>Count V: Violation of the West Virginia Consumer Credit and Protection Act</u>

  Although no specific section of the WVCCPA is alleged to have been violated as against defendant Dragisich, it seems that the plaintiff has alleged violations of § 46A-6D-3 and 4, and § 46A-6-101. The plaintiff cannot maintain an action against defendant Dragisich under any of these sections.

  First, as defendant Dragisich points out, West Virginia Code §§ 46A-6D-3 and 4 apply to representations by a defendant that the

plaintiff has won or is eligible to win "a prize, gift, or item of value." As the only allegations against defendant Dragisich are that he represented that the plaintiff was eligible to earn a refund on monies spent at the casino, the allegations made against him do not qualify under these sections. The plaintiff does not allege that she was told by defendant Dragisich that she had won or could win a prize, gift or item of value as part of The Card status.

Neither can West Virginia Code § 46A-6-101 result in liability for defendant Dragisich. This section of the WVCCPA only applies to "consumers," which are defined by the section as persons "to whom a sale or lease is made in a consumer transaction." A consumer transaction is defined as "a sale or lease to a natural person." Id. As noted above, the only allegations against defendant Dragisich are that he sent a letter to the plaintiff indicating that she would receive a certain refund for monies gambled at Wheeling Island. This Court can find no indication of any sale or lease either attempted or completed between the plaintiff and defendant Dragisich. Accordingly, Count V also fails to state a claim against defendant Dragisich.

    F.   Counts VI and VII: Negligence

Count VI claims that defendant Dragisich negligently monitored the plaintiff's expenditures at Wheeling Island and that, as a result of that negligent monitoring, caused her refund to be less

than what it should have been for the time between January 2011 and June 2011. However, this Court can find no allegation nor indication in the record that defendant Dragisich undertook any duty to monitor and calculate the plaintiff's spending with regard to her refund. Without the breach of a duty owed by the defendant to the plaintiff, no cause of action for negligence can be maintained. See Honaker v. Mahon, 552 S.E.2d, 788, 794 (W. Va. 2001). As such, Count VI must be dismissed against defendant Dragisich.

Count VII alleges that defendant Dragisich negligently represented to the plaintiff that she would receive a 25% semi-annual cash back bonus from Wheeling Island on all monies gambled by the plaintiff and that the plaintiff suffered economic damage as a result of this representation. This allegation too fails because there is no allegation nor indication in the record of the breach of any duty on the part of defendant Dragisich. If any duty can be said to have been created by the representations alleged in Count VII, it is that of defendant Wheeling Island -- it was Wheeling Island that is alleged to be the payer of any cash back bonus -- no duty has been alleged of defendant Dragisich to pay the plaintiff anything. Accordingly, the failure to so pay could only constitute a breach of a duty owed by Wheeling Island. Further, there is no allegation that defendant Dragisich warranted Wheeling Island's alleged duty to pay.

Finally, as defendant Dragisich points out, the letter sent by defendant Dragisich to the plaintiff was received by her after she had already incurred her alleged economic damage by gambling $40,000.00 in reliance upon her belief that she would receive a 25% cash back bonus on those monies gambled. As such, any representation by defendant Dragisich could not have caused the plaintiff's alleged damages. Count VII must be dismissed.

    G.   <u>Count VIII: Unjust Enrichment</u>

Plaintiff's final claim against defendant Dragisich sounds in the common law cause of action for unjust enrichment. Unjust enrichment requires that a party show that "(1) a payee received money to which he was not entitled and (2) that the payment was the result of a mistake of fact that a contract or other obligation required such payment." <u>Absure, Inc. v. Huffman</u>, 584 S.E.2d 507, 509 (W. Va. 2003) (internal citation omitted). The plaintiff's amended complaint clearly indicates that any monies that she spent in reliance of her belief that she would receive a 25% cash back payment were spent through gambling at Wheeling Island. No money is alleged to have been paid to defendant Dragisich. Accordingly, because the plaintiff makes no allegation that defendant Dragisich received any money at all, she cannot maintain an unjust enrichment claim against him and Count VIII also fails to state a claim against defendant Dragisich. This Court thus finds that defendant Dragisich has been fraudulently joined to this civil action, as the

plaintiff has no possibility of relief against in any of the claims which she has alleged against this defendant.

V. Conclusion

For the reasons stated above, this Court finds that diversity jurisdiction over this matter exists because defendant Theodore Dragisich, Jr. has been fraudulently joined to this civil action. Accordingly, defendant Theodore Dragisich, Jr.'s motion to dismiss is GRANTED. It is thus ORDERED that all claims related to defendant Theodore Dragisich, Jr. asserted in the plaintiff's amended complaint are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 15, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE